## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

LENA LASHER,

                Plaintiff,

    vs.

NEBRASKA STATE BOARD OF
PHARMACY (NE BOP), State of
Nebraska, Lincoln, Nebraska 68508; and
THOMAS L. WILLIAMS, MD, Chief
Medical Officer Director, Division of
Public Health State of Nebraska
Department of Health and Human
Services Lincoln, Nebraska 68508;

              Defendants.

**4:17CV3125**


**MEMORANDUM
AND ORDER**

Plaintiff, a federal prisoner, filed a Complaint (Filing No. 1) on September 29, 2017. However, Plaintiff failed to include the $400.00 filing and administrative fees. Plaintiff has the choice of either submitting the $400.00 filing and administrative fees to the clerk's office or submitting a request to proceed in forma pauperis. The court notes that the clerk's office mailed Plaintiff an application to proceed in forma pauperis on September 27, 2017, per her request. Failure to take either action within 30 days will result in the court dismissing this case without further notice to Plaintiff.

If Plaintiff submits an application to proceed in forma pauperis, Plaintiff must submit with it a certified copy of her trust fund account statement (or institutional equivalent) which shows the greater of (1) the average deposits to her institutional account for the past six months (or such lesser period as she has been incarcerated), or (2) the average balance in her institutional account for the past six

months (or such lesser period as she has been incarcerated). *See* 28 U.S.C. § 1915(a)(2), (b)(1).

Plaintiff has also filed a Motion (Filing No. 2) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.      Plaintiff is directed to submit the $400.00 fees to the clerk's office or submit a request to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice. Plaintiff is also directed to submit a certified copy of her trust fund account statement (or institutional equivalent) with any request to proceed in forma pauperis.

2.      Plaintiff's Motion to Appoint Counsel (Filing No. 2) is denied without prejudice to reassertion.

3.      The clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **November 6, 2017**: Check for MIFP or payment and trust fund account statement.

Dated this 5th day of October, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge