IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LENA LASHER,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NEBRASKA STATE BOARD OF PHARMACY (NE BOP), State of Nebraska, Lincoln, Nebraska 68508; and THOMAS L. WILLIAMS, MD, Chief Medical Officer Director, Division of Public Health State of Nebraska Department of Health and Human Services Lincoln, Nebraska 68508;<br><br>　　　　　Defendants. | 4:17CV3125<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　This matter is before the court on Plaintiff's Notice of Appeal (filing no. 23) and Motion for Leave to Appeal In Forma Pauperis (filing no. 26). Plaintiff was permitted to proceed in forma pauperis in this action on October 31, 2017, and she may now proceed in forma pauperis on appeal without further authorization. Fed. R. App. P. 24(a)(3).

　　　　The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the court's $505.00 appellate filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis. 28 U.S.C. § 1915(b). The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the notice of appeal. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has indicated that she is currently held in a halfway house[1] and does not have an institutional account. Plaintiff further declares that the amount of money she has in cash or in a checking or savings account is $0.00. (Filing No. 26 at CM/ECF pp.2–3.) Based on the information provided by Plaintiff, the court cannot assess an initial partial filing fee. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson*, 173 F. Supp. 2d at 957 n.9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson*, 129 F.3d at 484. This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis on Appeal (filing no. 26) is granted. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of

---

[1] Plaintiff's current confinement at a halfway house still qualifies her as a "prisoner" for purposes of the PLRA. *See Nesblett v. Concord Fed. Prob.*, No. 13-CV-515-NT, 2014 WL 808848, at *1 n.1 (D.N.H. Feb. 28, 2014) ("As a federal probationer subject to mandatory residency in a halfway house, [plaintiff] qualifies as a "prisoner" for purposes of both section 1915 and section 1915A.") (citing *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir.2007) (concluding that state probationer subject to halfway house confinement is a prisoner for purposes of the PLRA); *Witzke v. Femal*, 376 F.3d 744, 752 (7th Cir.2004) (determining that halfway-house resident who could leave the facility during the day but was locked inside at night was a prisoner for PLRA purposes)).

$505.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the clerk of the court, 20 percent of the preceding month's income in such months as the account, if one exists, exceeds $10.00.

2. The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution (Tolen House, 20 Tolen Place, Newark, New Jersey 07114) and to the Eighth Circuit Court of Appeals.

Dated this 6th day of June, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge